**CHRISTINE KRUSE, Appellant,**

**v.**

**AMERICAN SAMOA GOVERNMENT for THE OFFICE OF SAMOAN AFFAIRS, SOTOA SAVALI, OFFICE OF TERRITORIAL REGISTRAR, and SALOTE SCHUSTER, Appellees.**

High Court of American Samoa
Appellate Division

AP No. 10-02

May 6, 2004

Before WARD,[*] Acting Associate Justice, GOODWIN,[**] Acting Associate Justice, TASHIMA,[***] Acting Associate Justice, MAMEA, Associate Judge, and TAPOPO, Associate Judge.

Counsel: For Appellant, Robert K. Maez
 For Appellees, M. Tala Uiagalelei

## OPINION

Born in [Western] Samoa on March 13, 1942, appellant Christine Kruse ("Kruse") is a naturalized citizen of the United States. Her mother, Evelyn Kruse, was American Samoan, and her father, Fritz Kruse, was a citizen of Samoa. After her parents divorced, when she was approximately three years old, Kruse moved to American Samoa. Kruse asserts a blood connection to the Fanene title through her maternal grandmother, daughter of Fanene Tuiafetoa. She has served the Fanene family from 1968 until the present time.

Desiring to hold the Fanene title for her family, Kruse objected to another claimant's title registration offer. The Territorial Registrar and Office of Samoan Affairs decided to exclude her as a candidate for the title because of the birthplace requirement provision of A.S.C.A. § 1.0403(b). Seeking injunctive relief against the agencies, Kruse brought suit before the trial court, numbered MT No. 08-01. Subsequently, the Territorial Registrar submitted the Fanene *matai* title dispute, case MT No. 11-01, to the Land and Titles Division of the High Court. Excluded from MT No. 11-01, Kruse attempted to intervene. After the trial court denied injunctive relief in MT No. 08-01, the Land and Titles Division denied Kruse's motion to intervene in MT No. 11-01. Upon the denial of Kruse's motion for reconsideration or new trial in MT No. 08-01, she made this appeal.[1]

---

[*] Honorable John L. Ward II, Judge, District Court of American Samoa, serving by designation of the Secretary of the Interior.
[**] Honorable Alfred T. Goodwin, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, serving by designation of the Secretary of the Interior.
[***] Honorable A. Wallace Tashima, Circuit Judge, United States Court of Appeals for the Ninth Circuit, serving by designation of the Secretary of the Interior.
[1] This action was initiated after the Registrar advised Kruse that she was

█ Reporting on the current status of the Fanene title dispute, Kruse's appellate argument forces us to dismiss her appeal.[2] While this case was pending appellate review, the Land and Titles Division dismissed MT No. 11-01 without prejudice. *See In Re Matai Title "Fanene,"* MT No. 11-01, slip op. (Land & Titles Div. Sep. 15, 2003). Agency proceedings on the Fanene title restarted with the filing of another registration offer. Kruse filed an opposition to this second registration attempt. At this time, neither the Territorial Registrar nor the Office of Samoan Affairs has excluded her from the restarted proceedings. As administrative proceedings continue and Kruse is not currently aggrieved by an agency decision, we dismiss this case for lack of ripeness. *Sala v. American Samoa Gov't,* 20 A.S.R.2d 80, 81 (App. Div. 1992).[3]

It is so ordered.

█

---

"ineligible, due to her place of birth," because "A.S.C.A. § 1.0403(b) disqualified her to vie for the title." Clearly, the provisions specifically addressing the eligibility of an objector or counter-claimant to file, A.S.C.A. § 1.0404, and the sufficiency of the supporting documents, A.S.C.A. § 1.0407, do not precondition such filings with the assertion of eligibility to succeed to the *matai* title. The determination of a disputed title claim is specifically reserved for the High Court, A.S.C.A. § 1.0409, after a full hearing to determine the circumstances of the claimant's foreign birth. *See In Re Matai Title "T`aulualo,"* 25 A.S.R.2d 116, 119 (Land & Titles Div. 1994).

[2] Although both Kruse and ASG provided extensive briefs to the trial court on applicable case law, we note neither party included in their briefs any legislative history, committee reports, floor debate comments, transferal letters or any other information surrounding the enactment of the underlying statutes at issue in the case below. A brief review of the *Matai* Title statutes, A.S.C.A. § 1.041 *et seq.*, reveals that nearly every section of this chapter was affected by the enactment of Public Law 10-61 in 1968. A bill of such sweeping scope and effect with respect to the *matai* system would likely generate a rich legislative history which might aid the trial court during any determination of whether a counter-claimant's foreign birth was statutorily entitled to be considered as occurring on "American soil."

[3] An increasing number of cases are being filed in the Land and Titles Division praying for equitable, injunctive relief against agencies and officers of ASG. Generally, adequate remedies at law exist under the Administrative Procedures Act for judicial review and a stay of administrative proceedings. A.S.C.A. § 4.1001 *et seq.* Filing for review of an administrative decision under the Act avoids the nagging jurisdictional issues and the multiplicity of lawsuits presented in the case below.